GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants

By: Stuart M. Feinblatt
Assistant Attorney General
(609) 376-3202
Stuart.Feinblatt@law.njoag.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY**, a New Jersey nonprofit corporation, and **AMERICAN CIVIL LIBERTIES UNION, INC.**, a District of Columbia nonprofit corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>**GURBIR S. GREWAL**, in his official capacity as Attorney General of New Jersey, **ERIC H. JASO**, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission, **STEPHEN M. HOLDEN**, in his official capacity as Commissioner of the New Jersey Election Law Enforcement Commission, and **MARGUERITE T. SIMON**, in her official capacity as Commissioner of the New Jersey | Civil Action No. 19-cv-17807<br><br><br><br>**CONSENT ORDER** |

| |
|---|
| Election Law Enforcement Commission, |
| Defendants. |

THIS MATTER having been brought before the Court by agreement of Jean LoCicero, Esq., counsel for Plaintiffs American Civil Liberties Union of New Jersey and American Civil Liberties Union, Inc. (together, "ACLU Plaintiffs"), and Gurbir S. Grewal, Attorney General of New Jersey, by Stuart M. Feinblatt, Assistant Attorney General, counsel for Defendants Gurbir S. Grewal, in his official capacity as Attorney General of New Jersey, Eric H. Jaso, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission (ELEC), and Stephen M. Holden and Marguerite T. Simon, in their official capacity as Commissioners of ELEC (together, "Defendants"); and it appearing by the signatures affixed below that the parties agree; and for good cause shown; and

WHEREAS the New Jersey Legislature passed S150 on June 10, 2019, and the legislation was enacted as P.L. 2019, c.124 ("the Act") on June 17, 2019, upon the signature of Governor Murphy (the term "the Act" does not include the pre-amendment provisions of Title 19, Chapter 44A of the New Jersey Statutes); and

WHEREAS the effective date of the Act is October 15, 2019; and

WHEREAS the Act defines the term "independent expenditure committee" and imposes certain legal requirements on entities that qualify as independent expenditure committees; and

WHEREAS on June 25, 2019, Americans for Prosperity ("AFP") filed a Complaint and Motion for Preliminary Injunction against Defendants, challenging the constitutionality of the Act on its face and as applied, including on the grounds that the Act is overly broad in its description of the independent expenditure committees subject to its requirements; and

WHEREAS on September 10, 2019, the ACLU Plaintiffs filed a Complaint against the same Defendants in the United States District Court, District of New Jersey, Docket No. 3:19-cv-17807-BRM-LHG, raising similar challenges to the Act as those raised by AFP but also specifically challenging the Act's provisions relating to the leadership and management of independent expenditure committees; and

WHEREAS on September 12, 2019, Illinois Opportunity Project ("IOP") filed a Complaint and Motion for Preliminary Injunction against Defendants Jaso, Holden, and Simon in the United States District Court, District of New Jersey, Docket No. 3:19-cv-17912-BRM-LHG, raising similar challenges to the Act as those raised by AFP but also specifically challenging the Act's provisions relating to sponsor registration, disclosure and disclaimer requirements for independent expenditure committees; and

WHEREAS the AFP's, ACLU Plaintiffs', and IOP's cases have been designated as related; and

WHEREAS the Court entered a text order on September 17, 2019, holding the ACLU Plaintiffs' and IOP's cases in abeyance until the Court rendered a decision on AFP's Motion for Preliminary Injunction in recognition of the close relationship between the three cases; and

WHEREAS on October 2, 2019, the Court issued an Opinion and Order granting AFP's Motion for Preliminary Injunction; and

WHEREAS the Court concluded that AFP "has met its burden of demonstrating it has a reasonable probability of winning on the merits at trial on its claim that the Act is facially unconstitutional" on the ground that the Act is overly broad in its description of the independent expenditure committees subject to its requirements; and

WHEREAS the Court stated that its preliminary injunction does not "prevent the New Jersey Legislature from approving legislation required to correct the unconstitutional weaknesses in the Act" and does not "prevent ELEC from engaging in rulemaking that also might bring clarity to the Act's language and to how the regulator would enforce the Act"; and

WHEREAS the provisions of the Act challenged by the ACLU Plaintiffs and IOP plaintiffs are identical or comparable in their scope to the provisions that the Court preliminarily declared unconstitutional in the AFP case;

WHEREAS the parties hereto seek to maintain the status quo pending further developments in the litigation, or remedial action by the Legislature or ELEC;

THEREFORE, IT IS on this 23rd day of October 2019,

**ORDERED** that:

1. The Act is preliminarily enjoined insofar as it imposes any legal requirement on any independent expenditure committee, including the ACLU Plaintiffs and their employees or agents;

2. Defendants, and any state officers acting in concert with them or under their direction or authority, shall not take any action to enforce, or direct the enforcement of, the Act against any independent expenditure committee, including the ACLU Plaintiffs and their employees and agents, in any respect up to and until the date the Court removes the preliminary injunction;

3. The ACLU Plaintiffs shall not be required to take any action related to the Act prior to the date on which the Court removes the preliminary injunction, or the effective date of any implementing rules promulgated by ELEC, whichever is earlier;

4. Defendants, and any state officers acting in concert with them or under their direction or authority, shall not seek to hold any independent expenditure committee, including the ACLU Plaintiffs or their employees or agents, liable for any alleged noncompliance with the Act up to and including the date on which the Court removes the preliminary injunction;

5. Should Defendants seek to end the preliminary injunction, they shall notify the ACLU Plaintiffs; and

6. Nothing in this consent order prevents further action by the Legislature or ELEC, as described by the Court in the Opinion in AFP, or enforcement of any rules promulgated by ELEC.

*/s/Brian R. Martinotti*

HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

We hereby consent to the form, content, and entry of this Order.

                        GURBIR S. GREWAL
                        ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Stuart M. Feinblatt
       Stuart M. Feinblatt
       Assistant Attorney General
       Attorney for Defendants

DATED: 10/11/2019

By:   /s/ Jeanne LoCicero
       Jeanne LoCicero, Esq.
       Attorneys for Plaintiffs
       American Civil Liberties Union
       Of New Jersey and American Civil
       Liberties Union, Inc.

DATED: 10/11/2019