GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants
      Gurbir S. Grewal, Eric H. Jaso, Stephen M. Holden,
      and Marguerite T. Simon

By:    Stuart M. Feinblatt
       Assistant Attorney General
       (609) 376-3202
       Stuart.Feinblatt@law.njoag.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY**, a New Jersey nonprofit corporation, and **AMERICAN CIVIL LIBERTIES UNION, INC.**, a District of Columbia nonprofit corporation, | Civil Action No. 19-cv-17807 |
|     Plaintiffs, | |
| v. | |
| **GURBIR S. GREWAL**, in his official capacity as Attorney General of New Jersey, **ERIC H. JASO**, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission, **STEPHEN M. HOLDEN**, in his official capacity as Commissioner of the New Jersey Election Law Enforcement Commission, and **MARGUERITE T. SIMON**, in her official capacity as Commissioner of the New Jersey | **ANSWER AND AFFIRMATIVE DEFENSES** |

1

| Election Law Enforcement Commission,<br><br>    Defendants. | |
|---|---|

Defendants, Gurbir S. Grewal, Eric H. Jaso, Stephen M. Holden, and Marguerite T. Simon, hereinafter referred to as "Defendants," by way and through the undersigned counsel, hereby respond to the allegations as set forth in Plaintiffs' Complaint and by way of Answer to the same state:

## **PRELIMINARY STATEMENT**

1.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

2.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied except Defendants admit that S150 was passed and signed into law and imposes certain disclosure requirements and certain restrictions on who may serve as the chairperson or organizational treasurer of an independent expenditure committee.

3.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of the cited statute

("S150"), the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

4.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

5.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

6.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

## JURISDICTION AND VENUE

7.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

8.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

9.  Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## **PARTIES**

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiff is left to its proofs.

14. Admitted as to the Attorney General enforcing only criminal violations of S150.  Denied as to the Attorney General enforcing civil violations of S150, which generally is the role of the Election Law Enforcement Commission, pursuant to N.J. Stat. Ann. 19:44A-22(b) to (d).

15. Admitted.

16. Admitted.

17. Admitted.

## FACTS

### I.      The legislative history of S150 and its predecessor bill, S1500.

18. Admitted that S150 was introduced on June 10, 2019, and signed into law on June 17, 2019.  As to the remainder of the allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and Plaintiffs are left to their proofs.

19. Admitted.

20. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of Governor Murphy's conditional veto of S1500, the conditional veto speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the conditional veto.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

22. Admitted that S150 is identical to S1500.  As to the remainder of the allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and Plaintiffs are left to their proofs.

23. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of Governor Murphy's signing statement, the signing

statement speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the signing statement.

24. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of Governor Murphy's signing statement, the signing statement speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the signing statement.

25. Admitted.

## II.   S150's Regulation of IECs

### a.  Donor Disclosure and Expenditure Reporting Requirements

26. Defendants make no answer to this paragraph, including footnote 6, because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

27. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

28. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

29. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

30. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

31. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

32. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

33. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

34. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

35. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

36. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

37. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

38. Defendants make no answer to this paragraph, including footnote 8, because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150 and Title 2C of the New Jersey Statutes, the statutes speak for themselves, and Defendants deny the allegations to the extent that they are inconsistent with the statutes.

**b. Leadership Restrictions**

39. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute

speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

40. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

III.  **ACLU-NJ and National ACLU**

a.  **If ACLU-NJ and National ACLU continue their past advocacy efforts, they will be IECs under the Act.**

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

55. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of

this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent this paragraph calls for conclusions of law, no responsive pleading is required.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations of this paragraph call for conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

**b.  The Act's Impact on ACLU-NJ and National ACLU**

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent this paragraph calls for conclusions of law, no responsive pleading is required. To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of published federal case law, the reported opinion speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the reported opinion.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

79. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

80. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations of this paragraph call for conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph

seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations of this paragraph call for conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

### c.  ACLU-NJ and National ACLU's Respective Leaderships

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

84. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations of this paragraph call for conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph

seek to paraphrase or characterize the contents of S150, the statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations of this paragraph call for conclusions of law, no responsive pleading is required.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations of this paragraph call for conclusions of law, no responsive pleading is required.

89. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of First and Fourteenth Amendments to the United States Constitution
### (brought pursuant to 42 U.S.C. § 1983)

90. Defendants repeat and incorporate by reference the answers to all previous paragraphs as though fully set forth herein.

91. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

92. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

93. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

94. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

95. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

96. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## SECOND CAUSE OF ACTION
### Violation of First and Fourteenth Amendments to the United States Constitution
### (brought pursuant to 42 U.S.C. § 1983)

97. Defendants repeat and incorporate by reference the answers to all previous paragraphs as though fully set forth herein.

98. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## THIRD CAUSE OF ACTION
### Violation of Article I, Paragraph 6 and Article I, Paragraph 18 of the New Jersey Constitution
### (brought pursuant to the New Jersey Constitution and N.J.S.A. 10:6-2)

99. Defendants repeat and incorporate by reference the answers to all previous paragraphs as though fully set forth herein.

100. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

101. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

102. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## FOURTH CAUSE OF ACTION
## Violation of Article I, Paragraph 1 of the New Jersey Constitution
## (brought pursuant to the New Jersey Constitution and N.J.S.A. 10:6-2)

103.    Defendants repeat and incorporate by reference the answers to all previous paragraphs as though fully set forth herein.

104.    Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

105.    Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

## REQUESTED RELIEF

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice and any other relief the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendants are immune from suit for damages.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Stuart M. Feinblatt, Assistant Attorney General, is hereby designated as trial counsel.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or

22

administrative proceeding.  However, challenges to S150 have been made on similar and other grounds in the following actions: <u>Americans for Prosperity v. Gurbir Grewal, et al.</u>, No. 19-cv-14228 (BRM) (LHG), and <u>Illinois Opportunity Project v. Stephen M. Holden, et al.</u>, No. 19-cv-17912 (BRM) (LHG).

        Respectfully submitted,

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

     By:  <u>_/s/ Stuart M. Feinblatt_____</u>
        Stuart M. Feinblatt
        Assistant Attorney General

DATED: January 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of January, 2020, the foregoing was filed electronically with the Clerk of the United States District Court via the Court's Case Management and Electronic Filing (CM/ECF) System and was served upon all counsel of record via Electronic Case Filing.


By:   <u>/s/ Stuart M. Feinblatt</u>
       Stuart M. Feinblatt
       Assistant Attorney General

Dated: January 10, 2020

24