GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants

By:    Stuart M. Feinblatt
       Assistant Attorney General
       (609) 376-3202
       Stuart.Feinblatt@law.njoag.gov

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY**, a New Jersey nonprofit corporation, and **AMERICAN CIVIL LIBERTIES UNION, INC.**, a District of Columbia nonprofit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **GURBIR S. GREWAL**, in his official capacity as Attorney General of New Jersey, **ERIC H. JASO**, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission, **STEPHEN M. HOLDEN**, in his official capacity as Commissioner of the New Jersey Election Law Enforcement Commission, and **MARGUERITE T. SIMON**, in her official capacity as Commissioner of the New Jersey | Civil Action No. 19-cv-17807 *(BRM)* <br><br><br> **CONSENT ORDER CONVERTING PRELIMINARY INJUNCTION INTO FINAL JUDGMENT PERMANENTLY ENJOINING ENFORCEMENT OF P.L. 2019, c. 124** |

> Election Law Enforcement
> Commission,
>
> Defendants.

THIS MATTER having been brought before the Court by agreement of Jeanne LoCicero, Esq., counsel for Plaintiffs American Civil Liberties Union of New Jersey and American Civil Liberties Union, Inc. (together, "ACLU Plaintiffs"), and Gurbir S. Grewal, Attorney General of New Jersey, by Stuart M. Feinblatt, Assistant Attorney General, counsel for Defendants Gurbir S. Grewal, in his official capacity as Attorney General of New Jersey, Eric H. Jaso, in his official capacity as Chairperson of the New Jersey Election Law Enforcement Commission (ELEC), and Stephen M. Holden and Marguerite T. Simon, in their official capacity as Commissioners of ELEC (together, "Defendants"); and it appearing by the signatures affixed below that the parties agree; and for good cause shown; and

WHEREAS the New Jersey Legislature passed S150 on June 10, 2019, and the legislation was enacted as P.L. 2019, c.124 ("the Act") on June 17, 2019, upon the signature of Governor Murphy (the term "the Act" does not include the pre-amendment provisions of Title 19, Chapter 44A of the New Jersey Statutes); and

WHEREAS the Act defines the term "independent expenditure committee" and imposes certain legal requirements on entities that qualify as independent expenditure committees; and

WHEREAS on September 10, 2019, the ACLU Plaintiffs filed a Complaint against Defendants in the United States District Court, District of New Jersey, Docket No. 3:19-cv-17807-BRM-LHG, challenging the Act under the First and Fourteenth Amendments to the United States Constitution and Article I of the New Jersey Constitution; and

WHEREAS the Court entered a Consent Order on October 23, 2019 preliminarily enjoining the enforcement of the Act insofar as it imposes any legal requirement on any "independent expenditure committee" (the "Preliminary Injunction" (ECF No. 21)); and

WHEREAS the parties hereto agree to the conversion of the Preliminary Injunction into a final judgment enjoining enforcement of the Act in accordance with the terms set forth herein and the parties further agree to bear their own legal fees

and costs associated with this litigation; THEREFORE, IT IS on this /1th day of *March* 2020,

      **ORDERED** that:

1. The Preliminary Injunction entered in this case on October 23, 2019, is hereby converted to a permanent injunction;

2. The Act is permanently enjoined insofar as it imposes any legal requirement on any "independent expenditure committee," as defined in the Act, including the ACLU Plaintiffs and their employees or agents;

3. Defendants, and any state officers acting in concert with Defendants or under Defendants' direction or authority, shall not take any action to enforce, or direct the enforcement of, the Act against any "independent expenditure committee" as defined in the Act, including the ACLU Plaintiffs and their employees and agents, in any respect;

4. The ACLU Plaintiffs and their employees and agents shall not be required to take any action related to the Act;

5. Defendants, and any state officers acting in concert with Defendants or under Defendants' direction or authority, shall not seek to hold any "independent expenditure committee," including the ACLU Plaintiffs or their employees or agents, liable for any alleged noncompliance with the Act; and

6. Nothing in this consent order prevents further action by the Legislature or ELEC to enact, promulgate and enforce future legislation and regulations on the subjects addressed by or related to the Act; similarly, nothing in this consent order prevents or bars the ACLU Plaintiffs from seeking relief from any future legislation and regulations as it sees fit; and

7. The parties hereto shall bear their own legal fees and costs.

_____
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

We hereby consent to the form, content, and entry of this Order.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Stuart M. Feinblatt
Stuart M. Feinblatt
Assistant Attorney General
Attorney for Defendants

DATED:   2/25/2020


By:   /s/ Jeanne LoCicero
Jeanne LoCicero, Esq.
Attorneys for Plaintiffs
American Civil Liberties Union
Of New Jersey and American Civil
Liberties Union, Inc.

DATED:   2/25/2020